(C.R.D. 72–13)

## J. E. BERNARD & CO., INC. v. UNITED STATES

(Dated July 19, 1972)

*Lettvin & Gerstman* (*Norman Lettvin* and *George H. Gerstman* of counsel), for the plaintiff.

*Harlington Wood, Jr.*, Assistant Attorney General (*Bernard J. Babb*, trial attorney), for the defendant.

WATSON, Judge: This appeal for reappraisement involves merchandise described on the invoice as a "special camera" and two "special stands * * *", which were imported in 1965. The imported merchandise was appraised at 45,000 Swiss Francs plus $150,000 for a license, net packed, on the basis of export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956. Plaintiff claims that the imported merchandise is dutiable on the basis of constructed value as defined in section 402(d) of the Tariff Act of 1930, as amended, *supra*, at a value of $10,500.

The parties are in agreement that the imported merchandise is not listed on the final list of the Secretary of the Treasury, T.D. 54521. Plaintiff has now moved for summary judgment, asserting there are no issues of fact herein and that as a matter of law it is entitled to judgment. The relevant statutory provisions read as follows:

Section 402 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, provides, in pertinent part, as follows:

> (a) BASIS.—Except as otherwise specifically provided for in this Act, the value of imported merchandise for the purposes of this Act shall be—

(1) the export value, or

(2) if the export value cannnot be determined satisfactorily, then the United States value, or

(3) if neither the export value nor the United States value can be determined satisfactorily, then the constructed value;

except that, in the case of an imported article subject to a rate of duty based on the American selling price of a domestic article, such value shall be—

(4) the American selling price of such domestic article.

(b) EXPORT VALUE.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

(c) UNITED STATES VALUE.—For the purposes of this section, the United States value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal market of the United States for domestic consumption, packed ready for delivery, in the usual wholesale quantities and in the ordinary course of trade, with allowances made for—

(1) any commission usually paid or agreed to be paid, or the addition for profit and general expenses usually made, in connection with sales in such market of imported merchandise of the same class or kind as the merchandise undergoing appraisement;

(2) the usual costs of transportation and insurance and other usual expenses incurred with respect to such or similar merchandise from the place of shipment to the place of delivery, not including any expense provided for in subdivision (1); and

(3) the ordinary customs duties and other Federal taxes currently payable on such or similar merchandise by reason of its importation, and any Federal excise taxes on, or measured by the value of, such or similar merchandise, for which vendors at wholesale in the United States are ordinarily liable.

If such or similar merchandise was not so sold or offered at the time of exportation of the merchandise undergoing appraisement, the United States value shall be determined, subject to the foregoing specifications of this subsection, from the price at which

such or similar merchandise is so sold or offered at the earliest date after such time of exportation but before the expiration of ninety days after the importation of the merchandise undergoing appraisement.

(d) CONSTRUCTED VALUE.—For the purposes of this section, the constructed value of imported merchandise shall be the sum of—

(1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business;

(2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3) the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

The record herein consists of the moving papers, the memorandums of the parties and certain exhibits accompanying plaintiff's motion, most notably, an affidavit of consignee's president, a copy of the agreement between the seller of the imported merchandise, Interdia GmbH, a Swiss corporation, and 3–D of America, Inc., the consignee, and photographs of the imported equipment.

The facts of this case as revealed by the above record and as accepted for the purposes of this motion show that 3–D of America, Inc. and Interdia entered into a contract by which Interdia agreed to sell five stereoscopic cameras and accessories and grant the exclusive right to use a special process involving the imported equipment. In return, 3–D of America, Inc. agreed to pay the sum of $200,000, a sum described by the contract as consisting of $50,000 for the value of the "production devices", that is to say, the equipment, and $150,000 for a non-cancelable license to practice the licensed process during the term of the agreement. Only one camera and an enlarger with a copy holder was actually received pursuant to this agreement. It further appears that the imported camera was the only camera of its kind in existence at the time of entry.

The total absence of any proof of record regarding the constructed value of these importations is in itself sufficient ground for denying plaintiff's motion for summary judgment. See, *Philipp Wirth et al.* v. *United States*, 23 CCPA 283, T.D. 48144 (1936). Plaintiff has failed to supply proof of cost of materials and fabrication of the merchandise, the usual general expenses and profits involved in sales of merchandise of the same class or kind and the cost of packing and other expenses incurred in readying the merchandise for shipment to the United States.

It is important to note that in customs law it is entirely possible for the action of the Customs Bureau to be demonstrably erroneous and nevertheless remain in full force and effect, capable of withstanding plaintiff's claim. It is plaintiff's burden, not only to prove defendant's action erroneous but also to affirmatively prove its own claim. This is so even if a process of elimination leaves only one logical alternative. As to that remaining alternative, plaintiff must offer sufficient supporting proof or find it has discredited defendant's appraisement without destroying its effectiveness.

For the reasons set out above it is apparent that plaintiff is not entitled to judgment as a matter of law and it is, therefore, ordered that its motion for summary judgment be, and the same hereby is, denied.